

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. McKNEELEN, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CASE NO.: 05-0306 |
| § | |
| MEDCORE, INC., § | |
| § | |
| DEFENDANT. § | |

## COMPLAINT

**COMES NOW** the plaintiff, ROBERT L. McKNEELEN, by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1.  This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2.  Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### THE PARTIES

3.  Plaintiff is a resident of Slidell, Louisiana.

4.  Defendant MedCore, Inc., (hereinafter "MedCore") is a debt collector as defined by the FDCPA and is located in Mobile, Alabama.

5.  According its parent's web site MedCore is a wholly owned subsidiary of The SSI Group, Inc., and "MedCore's recovery services center around a quick and aggressive collection attempt. Utilizing highly automated collection systems and predictive dialing technologies, MedCore's recovery specialists deliver highly effective and courteous recovery services."[1]

### COUNT ONE

---

[1] See http://www.thessigroup.com/news/102703medcore_pr.html

6. On February 9th 2005, the Plaintiff received a collection letter from MedCore.

7. The letter stated and implied that the Plaintiff owed a debt of $197.00 and the original account was with Medical Center of LA.

8. The alleged debt is a consumer debt pursuant to 15 U.S.C. §1692a(5).

9. Plaintiff immediately called the collection agency and provided information to an agent of MedCore disputing the debt.

10. Shortly there after Plaintiff MedCore started a campaign of harassing telephone calls to plaintiff's residence.

11. Between February and April, 2005, the Plaintiff received approximately 70 or more phone calls from the Defendant.

12. The calls were made almost daily and sometimes three to four times a day with the intent to harass plaintiff in violation of 15 U.S.C. § 1692d(5).

13. On information and belief, the calls were made by an automatic dialing machine or computer.

14. The Plaintiff has made several phone calls to the Defendant to have this matter resolved, but he has been unsuccessful.

15. Finally on or about March 24, 2005 plaintiff notified defendant in writing pursuant to 15 U.S.C. § 1692c(c) that it should cease communicating with him.

16. Despite the notice as stated above defendant continued to call plaintiff several times a day for several weeks thereafter in violation of § 1692c(c).

17. The Defendant has violated the FDCPA as stated above and in other ways not specifically mentioned herein.

18. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

19. As a result of the defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the defendant for:

a. Actual damages;
b. Statutory damages pursuant to 15 U.S.C. §1692k;

  c. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
  d. For such other and further relief as may be just and proper.

## COUNT TWO
## PLAINTIFF'S CLASS ACTION ALLEGATIONS

  20. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

  21. Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

  22. Plaintiff brings this action on behalf of himself and all members of the class composed of persons who have been were subjected to collection activity by the defendant that was in violation of the Fair Debt Collection Practices Act of the type(s) involved in this transaction and who have suffered some or all of the damages complained of hereinabove.

  23. Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of all of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class.

  24. Each class member has, or has been subjected to collection activity in violation of the Federal Debt Collection Practices Act.

  25. Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendant(s)' business records.

  26. The common or similar issues of law and fact which predominate over individual issues include, but are not limited to the following:

  a. Each member of the class has or has had a debt that the defendant has attempted to collect and/or;

  b. Each member has been subjected to collection by the defendant that was in violation of the Fair Debt Collection Practices Act;

  c. Proof of common facts and legal doctrines by the representative plaintiff borrower will determine the claims of each member of plaintiff's class.

d. The Class Action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy

27. The named representative's claims are typical and representative of the class and sub-class claims.

28. It is and was the practice of the defendant to attempt debt collection that was in violation of the Fair Debt Collection Practices Act as stated in the above.

WHEREFORE, Plaintiff prays that this court will certify this as a class action, and prays compensatory and punitive damages on their behalf and on behalf of all members of the class and any sub-class described herein in whatever form allowed by law. Plaintiff prays for injunctive relief.

## COUNT THREE
## DECLARATORY JUDGMENT

29. Plaintiff realleges and adopts by reference all of the foregoing relevant paragraphs in this complaint.

30. Plaintiff and the Plaintiff's Class bring this action in this count pursuant to Rule 57 of the Federal Rules of Civil Procedure in that an actual controversy exists between the parties concerning their rights under the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated pray as follows:

a. That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that EARL P. UNDERWOOD, JR., be appointed as the attorney for the Plaintiff's Class.

b. That this court award Plaintiff and the members of the Plaintiff's Class statutory damages for all losses incurred by them.

c. That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

d. That this court issues a temporary and permanent injunction restraining the defendant, their agents or employees from their practices alleged until further order of Court.

e. That this court determines the rights of the parties and directs MedCore to cease illegal collection activity.

    f.    That this court enjoin defendants from destroying or altering books or records concerning or in any way relating to the practices as stated above.

    g.    For such other and further relief as this court deems just and equitable.

    h.    That defendant be required to pay punitive damages in an amount to be determined, in addition to statutory damages.

RESPECTFULLY submitted on this the 24th day of May 2005.

_____
JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)
Attorneys for Plaintiff

OF COUNSEL:
LAW OFFICE OF EARL P. UNDERWOOD, JR.
21 South Section Street
PO Box 969
Fairhope AL 36533
(251)-990-5558